# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILBERT MAYLE,**

        **Petitioner,**

v.                                                  Civil Action No. 1:10cv63
                                                             (Judge Keeley)

**WEST VIRGINIA PAROLE BOARD,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

This case was initiated on April 15, 2010, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (dckt. 1). In the petition, the *pro se* petitioner challenges a decision by the West Virginia Parole Board to deny him parole. This case is before the undersigned for a Report and Recommendation on the respondent's Motion to Dismiss and Consolidated Response to Petition (dckt. 28) and the petitioner's response (dckt. 33).

### II. The Contentions of the Parties

According to the parties, the petitioner is serving a life with mercy sentence for the 1981 murder of a police officer. Dckt. 28 at 1. The petitioner has appeared before the parole board 15 times. *Id.* at 2. To date, the parole board has denied the petitioner parole.

The petitioner's latest parole hearing occurred on January 15, 2009. Dckt. 28-1 at 82. At that hearing, it was determined that the petitioner's "crime is deserving of the Life with mercy sentence and that [he] should not be granted the privilege to be a member of society." *Id.* at 83. The board

based its decision on the circumstances of the crime, the petitioner's prior convictions, a prior probation violation, public sentiment and official sentiment. *Id.*

A. **The Petition**

In the petition, the petitioner asserts that the parole board's January 2009 decision was arbitrary and capricious for three reasons. First, the petitioner asserts that the board's decision failed to balance his favorable factors against his unfavorable factors and because, without justification, it found that community sentiment opposed his release. Dckt. 1 at 2. The petitioner does not dispute that the parole board had an obligation to review his unfavorable factors in making its parole decision. *Id.* He complains, however, that the board then failed to weigh those factors against the improvements and accomplishments he has incurred while incarcerated. *Id.* The petitioner asserts that pursuant to W.Va. Code § 62-12-13, the parole board is required to review his record while in custody and weigh his favorable factors against his unfavorable factors in making its parole decision. *Id.* The petitioner asserts that the parole board's January 2009 decision considers only his unfavorable factors and therefore denies him due process of law. *Id.*

Second, the petitioner asserts that parole board denied him access to the information in his record which was used to determine whether or not he received parole. *Id.* Specifically, the plaintiff asserts that he was not provided with "information related to parole eligibility criteria which is sufficiently precise to inform [him] of [the] area or areas of concern that resulted in denial . . ." *Id.* at 3.

Third, the petitioner asserts that it was improper for the parole board to make legal determinations which are not within its province. *Id.* Specifically, the petitioner asserts that the parole board stated that he deserved a life with mercy sentence, but not parole. *Id.* The petitioner

asserts that this finding was improper and arbitrary and capricious because the duty of the parole board is to determine whether an inmate is entitled to parole under well-established criteria. *Id.* The petitioner asserts that the parole board should not be making determinations that only a judge can make, such as length of sentence. *Id.*

As relief for the alleged violations of his constitutional rights, the petitioner seeks an Order from this Court requiring the West Virginia Parole Board to conduct a fair and impartial parole hearing on his behalf. *Id.* at 6.

**B.    The Respondent's Motion and Response**

In its motion and response, the parole board first asserts that the petition should be dismissed for the failure to exhaust administrative remedies. Dckt. 28 at 2. The parole board provides the court with an exhaustive list of the petitioner's state court proceedings with regard to his underlying conviction and sentence. *Id.* at 2-3. Germane to this case is State Ex Rel Mayle v. Haines, 06-C-681, a petition for writ of habeas corpus pending in the Circuit Court of Cabell County at the time of the petitioner's January 2009 parole hearing, and subsequently denied on May 4, 2009.[1] *Id.* at 1-2; see also Resp't Ex. 1 at 108-110. In that case, the petitioner challenged the application of W.Va. Code § 62-12-13(e) to him, the denial of parole as a violation of his due process rights and the ability of a habeas court to circumvent a jury's recommendation. *Id.* at 2; see also Resp't Ex. 1 at 110-111. Specifically, the court focused on the denial of parole from 2006 to 2009, and ultimately denied the petition. *Id.* The petitioner did not appeal that decision. *Id.*; see also Resp't Ex. 1 at 2-3. It does

---

[1]The petitioner's 2006 state habeas corpus petition was held in abeyance pending the petitioner's January 15, 2009 parole review. Dckt. 28, Resp't Ex. 1 at 110. After parole was denied in January 2009, the State Court proceeded to a hearing on the parole issues raised in the petitioner's 2006 state habeas petition. *Id.*

3

not appear as though the petitioner challenged his January 2009 parole denial in any other proceedings. Accordingly, the respondent asserts that the petitioner has failed to properly exhaust his state court remedies and that his petition should be dismissed. *Id.* at 5.

Next, the respondent asserts that the petitioner received all of the minimal due process protections to which he was entitled in his parole proceedings and that he has not suffered a violation of a federally protected due process right. *Id.* In support of this argument, the respondent asserts that there is no federal right of a state prisoner to be released to parole. *Id.* (citing Vann v. Angelone, 73 F.3d 519 (4th Cir. 1996)). Moreover, the respondent asserts that in West Virginia, an inmate has only a right that the board consider him for parole when he is eligible and decide his case in a manner consistent with the criteria set forth in § 62-12-13. *Id.* (citing Syl. Pt. 3, Rowe v. Whyte, 167 W.Va. 668, 280 S.E.2d 301 (1981)). Nonetheless argues the respondent, federal review of a decision to grant or deny parole is limited to matters of procedure and prisoners are entitled to no more than minimal due process protections. *Id.* at 8-9 (citing Vann at 522; Bloodgood v. Garraghty, 783 F.2d 470 (4th Cir. 1986)). The respondent asserts that applying such authority to the petitioner's case shows that he received the minimal due process protections to which he was entitled under federal law and that the petitioner should be denied on the merits.[2] *Id.* at 9.

---

[2]The respondent notes that the West Virginia Supreme Court of Appeals has found that under the State Constitution, a state created liberty interest exists in parole. See Dckt. 28 at 8 (citing Tasker v. Mohn, 165 W.Va. 55, 267 S.E.2d 183 (1980)). Nevertheless, the respondent argues that to the extent the petitioner wishes to raise his state rights under Tasker, he should have done so with the Circuit Court of Cabell County and the West Virginia Supreme Court of Appeals, as violations of state law are not cognizable on federal habeas review. *Id.* at 9. The undersigned agrees. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) (violations of state law do not state claims cognizable by federal courts); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review"). Accordingly, to the extent raised, this issue will not be addressed further.

## C. The Petitioner's Response

In his response, the petitioner asserts that he was sentenced on December 19, 1981. Dckt. 33 at 1. He further asserts that he first became eligible for parole on November 19, 1991. *Id.* The petitioner asserts that although he has seen the parole board every year since his eligibility date, he has continuously been denied parole. *Id.* The petitioner asserts that the parole board denies him parole for the same four reasons every time: (1) circumstances of the crime warrant further punishment; (2) his past criminal convictions; (3) a prior probation violation and (4) negative community sentiment. *Id.*

However, the petitioner asserts that he has a model prison record with documented rehabilitative efforts. *Id.* at 2. The petitioner asserts that the parole board's failure to consider the efforts he has made while incarcerated, and its unilateral focus on his criminal history, is arbitrary and capricious and violates his federally protected due process rights. *Id.* The petitioner asserts that the parole board is required to consider both positive and negative factors in making its parole determination. *Id.* at 3 (citing Rowe v. Whyte, 167 W.Va. 668, 678, 280 S.E.2d 301 (1981)).

In addition, the petitioner argues that there have been 14 psychological reports conducted on him. *Id.* Of the 14, there were 13 positive reports and one negative report. The petitioner asserts that the interview for that one negative report was conducted in less than 10 minute and cannot be sustained given his record while incarcerated and the other 13 reports conducted over a 20-year period. *Id.* at 3-4. He contends that the parole board focused on that one negative report, never taking into consideration the 13 other positive reports. *Id.* at 3.

Next, the petitioner complains that the parole board continues to use public and official sentiment as a factor in denying his parole. *Id.* at 4. The petitioner concedes that his case was a high

5

profile case in that it involved the death of a police officer. *Id.* Moreover, the petitioner concedes that his release and consideration for work release has been covered by certain media outlets. *Id.* Nonetheless, the petitioner asserts that the parole board has not shown that it conducted more than a limited investigation into public sentiment and that public sentiment cannot itself support a denial of parole. *Id.* at 5.

After listing the many reasons why he believes he is entitled to parole release, the petitioner asserts that the respondent's exhaustion argument is nothing more than an attempt to circumvent the true issues. *Id.* at 7.

### III.    Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Id.* at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[3] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id.* "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d 991, 994 (4th Cir. 1994).

Here, issues related to the denial of parole in January 2009 were considered by the state

---

[3] Picard v. Connor, 404 U.S. 270 (1971).

habeas court in State Ex Rel Mayle v. Haines, 06-C-681. Pertinent to the issues raised in this case, the state court noted that the following testimony had been taken:

> An inmate's eligibility for parole and the granting of parole are provided for in West Virginia Code Section 62-12-13. The Parole Board's process is to conduct parole hearings before a three-member panel, pursuant to state law. Ms. Stuckey was a member of the panel that conducted Petitioner's review on January 15, 2009. According to testimony by Ms. Stuckey, Petitioner's negative factors far outweighed his positive factors, and it was on this basis that the Parole Board denied parole to the Petitioner.
>
> Ms. Stuckey testified that, in its review of the Petitioner held on January 15, 2009, the factors considered included the facts and circumstances of the crime (murder of a police officer), Petitioner's prior criminal history, Petitioner's lack of write-ups while incarcerated, Petitioner's statement expressing sentiments toward society in general, and Petitioner's work record while incarcerated. The Parole Board also considered Petitioner's record of parole/probation violations, community and public sentiment (if any), and official statement (if any).
>
> Ms. Stuckey testified that the facts and circumstances of the crime for which the Petitioner was convicted was viewed as extremely negative. The murder of Officer Paul Harmon was an act of extreme violence involving the death of a police officer with his own weapon. The victim was also beaten. Ms. Stuckey testified that crimes of murder and violence are viewed very negatively.
>
> Ms. Stuckey testified that Petitioner's prior criminal history of four misdemeanors and two felonies was viewed negatively. Ms. Stuckey then testified that the lack of writeups while incarcerated was viewed as a positive factor. Ms. Stuckey testified that Petitioner's statement expressing sentiments towards society in general were not viewed as a negative or a positive since Petitioner's statements themselves were not negative.
>
> Ms. Stuckey stated that Petitioner's work record while incarcerated was viewed positively. Ms. Stuckey then stated that Petitioner's record of parole/probation violations was viewed negatively. The Petitioner has a probation violation stemming from a different charge, and that probation violations are viewed negatively as it shows noncompliance with post-sentence supervision.
>
> Ms. Stuckey also testified that the Parole Board has received extensive letters from the community and general public asserting that Petitioner be denied parole. These letters were viewed very negatively against Petitioner. Ms. Stuckey also stated that official sentiment was viewed negatively against the Petitioner, which meant that the Parole Board had received official sentiment against granting Petitioner parole.

8

> Ms. Stuckey further testified that a psychological evaluation of the Petitioner indicated that Petitioner is anticipated to resent societal standards and norms. This evaluation was viewed by the Parole Board negatively. The Parole Board also viewed as very negative the fact that Petitioner has not taken responsibility for his crime.
> Ms. Stuckey explained to the Court that decisions regarding parole are subjective in nature and there is not a mathematical formula to be followed which would grant parole. This is evident upon a review of West Virginia Code Section 62-12-13. There are no meaningful affirmative standards to determine who is eligible for release. Sites v. McKenzie, 423 F.Supp. 1190 (N.D.W.Va. 1976). The factors considered are weighed by the panel and a determination is then made. Ms. Stuckey also stated that the Parole Board grants parole to those individuals who the Board believes will not re-offend and who will conform to the standards of society. The Parole Board pays particular attention to the demeanor of felons both during and after the hearing.
> Ms. Stuckey stated that Petitioner's negative factors outweighed any positive factors and the Parole Board voted to deny parole to the Petitioner.

*Id.* at 112-114.

Moreover, in denying the petition, the state habeas court made the following findings:

> This Court finds Ms. Stuckey to be a highly credible witness. Her statements regarding the Parole Board's review of the Petitioner show that consideration was given to numerous factors influencing whether parole would be granted. This careful and considered review of the Petitioner show that the Parole Board did not act arbitrarily and capricious in denying parole to the Petitioner.

*Id.* at 115.

Accordingly, it is clear that the claims raised in the instant federal habeas were raised in and considered by the state court in the petitioner's state habeas proceedings in State Ex Rel Mayle v. Haines, 06-C-681. That petition was denied and the petitioner did not file an appeal to the West Virginia Supreme Court. Thus, by not filing an appeal, the petitioner clearly did not exhaust all available state court remedies and his petition should be dismissed for that reason.

Nonetheless, "[a]n application for a writ of habeas corpus may be denied on the merits,

9

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

> A federal court may not grant habeas relief unless the state court's adjudication of a claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Id.* at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the

10

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "An unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

When a petitioner challenges a factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, "we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were properly presented to the courts of the State. Because the petitioner's claims were adjudicated on the merits in State court, the State's findings of fact and conclusions of law are due the appropriate deference.

The petitioner claims that the Parole Board failed to properly weigh his positive and negative factors in determining whether to grant or deny him parole. The testimony in his state habeas proceedings, however, establish that such factors were appropriately weighed. The state court found that testimony credible and such credibility determinations are due deference upon federal habeas

review. Moreover, although the state court did not expressly cite federal due process law in its opinion, the court noted that inmates who are eligible for parole are afforded minimal due process protections. Dckt. 28 at 114. Thus, upon an independent review of the record, the undersigned finds that the state court's adjudication of the petitioner's claim that he was denied due process in his January 2009 parole consideration hearing was not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the petitioner's due process rights were not violated at his January 2009 parole hearing and his petition should be denied.

## IV. Recommendation

For the reasons stated, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 28) be **GRANTED** and that the petitioner's § 2254 petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner at his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 17, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE