IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILBERT MAYLE,**

    **Petitioner,**

**v.**                      //         CIVIL ACTION NO. 1:10CV63
                                             (Judge Keeley)

**WEST VIRGINIA PAROLE BOARD,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 34] AND GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 28]**

On April 15, 2010, the pro se petitioner, Wilbert Mayle ("Mayle"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of his parole by the defendant, West Virginia Parole Board ("the WVPB"). The Court referred this matter to the Honorable John S. Kaull, United States Magistrate Judge, for initial screening and a report and recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09. On July 19, 2010, the WVPB moved to dismiss Mayle's complaint (dkt. no. 28). On August 17, 2010, the Magistrate Judge issued an R&R (dkt. no. 34) recommending that the WVPB's motion to dismiss be granted, and that Mayle's § 2254 petition be denied and dismissed with prejudice.

The R&R also specifically warned Mayle that his failure to object within fourteen days of receipt of the R&R would result in the waiver of any appellate rights on these issues. Mayle received service of the R&R on August 20, 2010 (dkt. no. 35), and, to date,

has filed no objections.[1]

The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 34), **GRANTS** the WVPB's motion to dismiss (dkt. no. 28), and **DENIES** and **DISMISSES WITH PREJUDICE** Mayle's § 2254 petition (dkt. no. 1).

It is so **ORDERED**.

Pursuant to Rule 11(a) of the Rules Governing § 2254 and § 2255 Cases, this Court declines to issue a certificate of appealability as Mayle has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of each Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

---

[1] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997).

MAYLE V. WEST VIRGINIA PAROLE BOARD                          1:10CV63

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 34] AND
    GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 28]**

Dated: September 13, 2010.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE

MAYLE V. WEST VIRGINIA PAROLE BOARD                          1:10CV63